UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RECO EQUIPMENT, INC.,**

      **Plaintiff,**

   v.	        **Civil Action 2:20-cv-2968**
                                   **Judge Sarah D. Morrison**
                                   **Magistrate Judge Chelsey M. Vascura**

**CUSTOM ECOLOGY OF OHIO, INC.,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion to Remand (ECF No. 8).  For the following reasons, it is **RECOMMENDED** that Plaintiff's Motion be **DENIED**.

         **I.**        **BACKGROUND**

Plaintiff, RECO Equipment, Inc. ("RECO"), an Ohio corporation with a principal place of business in Ohio, and Defendant, Custom Ecology of Ohio, Inc. ("Custom Ecology"), a Delaware corporation with a principal place of business in Georgia, entered into contracts in 2017 and 2018 whereby Custom Ecology rented certain commercial equipment from RECO. (Compl. ¶¶ 1, 2, 7, ECF No. 3.)  Both contracts contained the following choice of law and forum selection clause:

> IT IS EXPRESSLY AGREED THAT ALL OBLIGATIONS OF THE PARTIES CREATED HEREIN ARE PERFORMABLE IN THE COUNTY OF BELMONT, IN THE STATE OF OHIO, THE MAIN OFFICE OF RECO EQUIPMENT, INC., AND THE LAWS OF THE STATE OF OHIO SHALL GOVERN ALL TRANSACTIONS.  SUIT MAY BE BROUGHT IN BELMONT COUNTY, OHIO.

(Rental Contracts, ECF No. 3-1, PAGEID #49, 51.)

On May 8, 2020, RECO commenced an action against Custom Ecology for breach of the two rental contracts in the Court of Common Pleas for Belmont County, Ohio, seeking $112,317.11 in damages.  (Compl., ECF No. 3.)  On June 8, 2020, Custom Ecology removed the case to this Court based on diversity jurisdiction.  (Notice of Removal, ECF No. 1.)  On July 8, 2020, RECO filed the present Motion to Remand, arguing that "[t]he contractually agreed upon forum of Belmont County amounts to a waiver of Defendant's right to remove the Belmont County case to this Honorable Court."  (Mot. 2, ECF No. 8.)  Custom Ecology filed a Memorandum in Opposition, arguing that the forum selection clause was not a clear and unequivocal waiver of Custom Ecology's statutory right of removal under 28 U.S.C. § 1441.  (ECF No. 9.)  RECO did not file a reply, and the time to do so has now expired.

## II.  STANDARD OF REVIEW

"The right of removal of a suit from state court to federal court is a statutory right" governed by 28 U.S.C. § 1441.  *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990).  That statute provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  "If the requirements of the removal statute are met, the right to removal is absolute."  *Regis*, 894 F.2d at 195.  Further, "[a]lthough the right to remove can be waived, the case law makes it clear that such waiver must be clear and unequivocal."  *Id.*; *see also In re Delta Am. Re Ins. Co.*, 900 F.2d 890, 892 (6th Cir. 1990).  To be "clear and unequivocal," a waiver must make express reference both to removal and to the party waiving the right to remove.  *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 347 (6th Cir. 2008) ("A clause

2

that does not even mention either removal or the party seeking to remove cannot be a clear waiver of removal.").

### III. DISCUSSION

Custom Ecology properly removed the Belmont County action to this Court under § 1441. The Notice of Removal sets forth undisputed facts establishing this Court's subject-matter jurisdiction under 28 U.S.C. § 1332. Specifically, complete diversity of citizenship is satisfied, because RECO is citizen of Ohio and Custom Ecology is a citizen of Delaware and Georgia; and the amount in controversy is satisfied, because the amount sought by RECO in its Complaint ($112,317.11) exceeds $75,000. (Notice of Removal, ¶¶ 5–8, ECF No. 1.) Further, venue is proper in this Court because Belmont County is served by the Eastern Division of the Southern District of Ohio. Thus, the statutory requirements of § 1441 are satisfied, and unless waived in a "clear and unequivocal" manner, Custom Ecology's right to remove is "absolute." *Regis*, 894 F.2d at 195.

RECO's reliance on the contracts' forum selection clause is unavailing. As an initial matter, the clause provides only that "[s]uit *may* be brought in Belmont County, Ohio." "Such language is properly described as permissive rather than mandatory, meaning, generally, that although it permits a case to be filed in a particular jurisdiction, it does not preclude the case from being filed elsewhere." *Residential Fin. Corp. v. Jacobs*, No. 2:13-CV-1167, 2014 WL 1233089, at *2 (S.D. Ohio Mar. 25, 2014). Thus, under basic contract principles, either RECO or Custom Ecology would have been free to commence an action in this Court (or any other court in which jurisdiction and venue requirements are met) in the first instance.

But more importantly to the posture of this case, the clause makes no reference to the right of removal or Custom Ecology's waiver of that right. Therefore, "[t]he clause is irrelevant because it says nothing about the defendants' right to remove." *EBI-Detroit,* 279 F. App'x at

3

346. *See also Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 885 (6th Cir. 2009) (finding no waiver of the right to remove when a forum selection clause "neither mentions removal nor sets forth an explicit waiver of that right by [the defendant]."). Courts in this Circuit have repeatedly refused to find a waiver of the removal right in similar forum selection clauses, whether permissive or mandatory. *See Cadle*, 307 F. App'x at 888 (no waiver by clause providing that disputes "shall be resolved" in a particular state court); *EBI-Detroit,* 279 F. App'x at 346–47 (no waiver by a clause providing that the parties agree "to submit to the exclusive personal jurisdiction of, and not commence any action in other than, a competent State court in Michigan"); *Regis*, 894 F.2d at 195 (no waiver by clause providing that the parties "submit to the jurisdiction of the Michigan Courts"); *TERA II, LLC v. Rice Drilling D, LLC*, No. 2:19-CV-02221-SDM, 2019 WL 3889623, at *1 (S.D. Ohio Aug. 16, 2019), *report and recommendation adopted*, 2019 WL 4871432 (S.D. Ohio Oct. 3, 2019) (no waiver by clause providing that actions arising out of a lease "shall be ascertained and determined by the Ohio state court in the county where the Lease is recorded"); *Residential Fin. Corp. v. Jacobs*, No. 2:13-CV-1167, 2014 WL 1233089, at *2 (S.D. Ohio Mar. 25, 2014) (finding no waiver by clause providing suit "may" be filed in a particular state court).

In sum, Custom Ecology properly exercised its right to remove this action under § 1441 and did not waive that right by agreeing to a forum selection clause that references neither removal nor Custom Ecology's waiver of the right to remove. There are therefore no grounds to remand this action.

## IV.   DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion to Remand (ECF No. 8) be **DENIED**.

4

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE